RON BENDER (SBN 143364)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, CA  90067
Telephone: (310) 229-1234
Fax: (310) 229-1244
Email: rb@lnbyb.com kjm@lnbyb.com

Proposed Attorneys for Chapter 11 Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>ORBY TV, LLC,<br><br>          Debtor. | Case No. 1:21-bk-10428-MB<br><br>Chapter 11<br><br>**DEBTOR'S MOTION FOR ENTRY OF AN ORDER: (1) ESTABLISHING PROTOCOLS FOR PROVIDING NOTICE OF BANKRUPTCY FILING AND OTHER MATTERS TO SUBSCRIBERS; (2) AUTHORIZING DEBTOR TO REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION FOR SUBSCRIBERS; (3) AUTHORIZING DEBTOR TO INCLUDE IN ITS SCHEDULES OF ASSETS AND LIABILITIES A GENERAL STATEMENT REGARDING POTENTIAL CLAIMS OF SUBSCRIBERS; (4) LIMITING NOTICE; AND (5) ESTABLISHING BAR DATE FOR FILING PROOFS OF CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ALEXANDER IZZARD IN SUPPORT**<br><br>[Application for Entry of an Order Shortening Time Filed Concurrently Herewith] |

1

# **TABLE OF CONTENTS**

I. STATEMENT OF FACTS ................................................................................................ 4

    A. Background Information. ...................................................................................... 4

    B. The Debtor's Primary Assets And Liabilities. ...................................................... 4

    C. The Subscribers. ................................................................................................... 5

    D. The Debtor's Proposed Bar Date and Proposed Forms Of Notice. ...................... 6

II. JURISDICTION, VENUE AND PREDICATES FOR RELIEF ................................... 7

III. DISCUSSION ............................................................................................................... 8

    A. Subscribers' Personal Identification Information Should Be Kept
       Confidential Pursuant To Section 107(b) And (c) of the Bankruptcy Code. .......... 8

        1. Subscribers' Information Constitutes Confidential Commercial
           Information. ........................................................................................... 8

        2. The Court Should Authorize The Debtor To Protect And Redact Certain
           Personal Identification Information For The Subscribers. ........................ 10

    B. The Court Should Limit Notice As Set Forth Herein And Establish
       Protocols For Providing To Subscribers Notice Of The Bankruptcy Case,
       The Meeting Of Creditors, The Deadline For Filing Proofs Of Claim, And
       The Hearing On A Motion To Reject Subscriber Agreements. ........................... 10

        1. The Court Should Generally Limit Notice. .................................................. 10

        2. The Court Should Establish Protocols And Approve The Debtor's
           Proposed Notice To Subscribers .................................................................. 13

    C. The Court Should Establish A Deadline For Filing Proofs Of Claim. ................... 14

        1. Good Cause Exists For Establishing A Bar Date. ......................................... 14

        2. Claimants Will Receive Adequate Notice of the Bar Date .......................... 14

IV. CONCLUSION ............................................................................................................ 15

DECLARATION OF ALEXANDER IZZARD .............................................................. 17

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*In re Global Crossing Ltd.*,
    295 B.R. 720 (Bankr. S.D.N.Y. 2003) ..................................................... 9

*In re Nunn*,
    49 B.R. 963 (Bankr. E.D. Va. 1985) ..................................................... 9

*In re The Frontier Group, LLC*,
    256 B.R. 771 (Bankr. E.D. Tenn. 2000) ..................................................... 9

*Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*,
    21 F.3d 24 (2d Cir. 1994) .......................................................... 8, 9

**Federal Statutes**

11 U.S.C.
    §§ 101, *et seq.* Title 11 Chapter 11 ..................................... 3, 4, 7, 14
    § 107(c)(1)(A) .......................................................... 10
    § 102(1)(A) .......................................................... 10
    §§ 102, 105(a), 107(c), 342(a), and 521 ..................................... 7
    § 107(b) .......................................................... 8, 9
    § 107(b) And (c) .......................................................... 8
    § 107(c) .......................................................... 10
    § 341(a) .......................................................... 5, 6

28 U.S.C.
    §§ 157 and 1334 .......................................................... 7
    § 157(b) .......................................................... 7
    §§ 1408 and 1409 .......................................................... 7

**Other Authorities**

Bankruptcy Rule 2002(i) .......................................................... 11
Bankruptcy Rule 2002 (a) .......................................................... 11
Bankruptcy Rule 2002(m) .......................................................... 10
Bankruptcy Rule 9007 .......................................................... 11
Bankruptcy Rule 9018 .......................................................... 9
Bankruptcy Rules 2002(i) and 2002(m) .......................................................... 12
Bankruptcy Rules 2002, 4001, 6004, 6006, 6007 .......................................................... 12
Federal Rule of Bankruptcy Procedure 3003(c)(3) .......................................................... 14
Federal Rules of Bankruptcy Procedure Rules 1007, 2002, 9007 and 9018 .......................................................... 7
Federal Rules of Bankruptcy Procedure Rule 9018 .......................................................... 8

ORBY TV, LLC (the "Debtor"), the debtor and debtor in possession in the above-captioned bankruptcy case, hereby files this motion ("Motion") for entry of an order:

1.      Establishing protocols for providing a combined notice in the form attached as **Exhibit 1** to this Motion to its roughly 23,000 subscribers (the "Subscribers") of: (a) this bankruptcy case;[1] (b) the meeting of creditors under 11 U.S.C. 341(a);  (c) the deadline for creditors to file proofs of claim in this case;[2] and (d) the hearing on a motion to reject the Debtor's agreements with Subscribers;

2.      Authorizing the Debtor to redact certain personal identification information for its Subscribers from any and all filings, including, without limitation, creditor mailing lists, motions, proofs of service, Schedules of Assets and Liabilities, the Statement of Financial Affairs, and any other documents filed with the Court and/or submitted to the United States Trustee;[3]

3.      Authorizing the Debtor to include in its Schedules of Assets and Liabilities a general statement regarding potential claims of Subscribers (as opposed to requiring the Debtor to list each Subscriber as a separate potential claimant which would mean that there would be roughly 23,000 Subscribers listed in the Debtor's Schedules);[4]

4.      Limiting notice in this case to (a) the Office of the United States Trustee, (b) the twenty largest general unsecured creditors, and after and to the extent of the appointment of an Official Committee of Unsecured Creditors (the "Committee"), counsel for the Committee; (c) secured creditors and their counsel (to the extent there are creditors asserting secured claims in this

---

[1] Due to the privacy and other concerns discussed in this Motion, the Debtor did not include the roughly 23,000 Subscribers in the Master Mailing List of Creditors filed with the Petition in this case [Docket No. 1] and the notice the Debtor proposes to provide as set forth in this Motion to Subscribers will be the first and only notice Subscribers will be receiving from the Debtor regarding the Debtor's bankruptcy filing.

[2] Concurrently herewith, the Debtor is filing a motion for the entry of an order establishing the deadline for filing proofs of claim in this case.

[3] The Debtor will provide such information to the U.S. Trustee and the Court on request.

[4] The Debtor does not concede that any Subscriber is entitled to an allowed claim against the Debtor, but the Debtor believes that it would be appropriate to provide to Subscribers notice of this bankruptcy case, the meeting of creditors, and the deadline for filing proofs of claim given the possibility that Subscribers may wish to assert claims against the Debtor.

case, which the Debtor does not believe to be the case); (d) parties who file with the Court and serve on the Debtor's proposed bankruptcy counsel requests for special notice; and (e) any party against whom direct relief is sought by motion, application or otherwise, including, by way of example and without limitation, the non-debtor party to an executory contract being assumed or rejected, non-debtor parties asserting interests in property being sold, and the like;

5.    Establishing a deadline (the "Bar Date") for creditors to file proofs of claim in this case, a deadline for the Debtor to provide notice of the Bar Date to creditors and the Subscribers, and barring any party that fails to file a proof of claim with the Court by the Bar Date from thereafter asserting a pre-petition claim against the Debtor or the Debtor's estate;

6.    Approving the form of notice to Subscribers attached as **Exhibit 1** hereto;

7.    Approving the form of notice of the Bar Date to creditors other than Subscribers attached as **Exhibit 2** hereto; and

8.    Granting such further relief as the Court deems just and proper.

Dated: March 18, 2021                          LEVENE, NEALE, BENDER, YOO
                                               & BRILL L.L.P.

                                               By:    /s/ Krikor J. Meshefejian
                                                       Ron Bender
                                                       Krikor J. Meshefejian
                                                       Proposed Counsel for Chapter 11 Debtor
                                                       and Debtor in Possession

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF FACTS

**A.    Background Information.**

On March 14, 2021 (the "Petition Date"), the Debtor commenced this bankruptcy by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code §§ 101, *et seq.* (the "Bankruptcy Code").[5]  Due to the privacy and other concerns discussed in this Motion, the Debtor did not include the roughly 23,000 Subscribers in the Master Mailing List of Creditors filed with the Petition in this case [Docket No. 1] and the notice the Debtor proposes to provide as set forth in this Motion to Subscribers will be the first and only notice Subscribers will be receiving from the Debtor regarding the Debtor's bankruptcy filing.  Since the Petition Date, the Debtor has operated its business and managed its affairs as a debtor in possession pursuant to Sections 1107 and 1108.

The Debtor was established in 2017 as a satellite television service to compete with competitors such as DirectTV and Dish Network.

The Debtor initially launched its service in three markets:  Houston, Charlotte and St. Louis in January 2019.  In March, 2019, the Debtor expanded nationally as planned.

Following this expansion, the Debtor's number of paying Subscribers grew and eventually peaked at roughly 23,000.

While the Debtor was able to raise certain additional funds, the Debtor ultimately ran out of money due to operating expenses and operating losses.  The Debtor was unable to raise any additional funds and, therefore, was forced to shut down its business operations.

The purpose of this chapter 11 bankruptcy case is to continue and complete the wind down of the Debtor's business operations and to attempt to sell the Debtor's remaining business assets for the most money possible.

**B.    The Debtor's Primary Assets And Liabilities.**

The Debtor's primary assets are comprised of cash (approximately $460,000 as of the Petition Date), equipment and servers.  The Debtor also possesses contact and other information of the

---

[5] Unless otherwise stated, all Section references herein are to the Bankruptcy Code.

Subscribers which the Debtor believes may be valuable to competitors of the Debtor and parties potentially interested in purchasing the Debtor's assets.

The Debtor is a party to a number of contracts with programmers/content providers, pursuant to which the Debtor provided to its Subscribers access to television programming (such as, for example, HBO, Starz, and Epix). Such programmers assert claims against the Debtor, and the Debtor anticipates that such claims may include minimum guaranteed payments due to such programmers under such agreements during the entire term of such agreements. Concurrently herewith, the Debtor has filed a motion to reject such agreements.

The Debtor does not have secured debt, though a warehouse space provider may attempt to assert a general warehouse lien against certain of the Debtor's satellite television equipment.

The Debtor estimates that the total amount of claims asserted against the Debtor is likely between $40 million - $50 million.

## C.    The Subscribers.

The Debtor entered into agreements with its Subscribers pursuant to which Subscribers received certain digital entertainment programming and services via satellite and over-the-air broadcast transmission via authorized and Subscriber-purchased[6] set top receivers or digital video recorders and satellite dishes and antennae within the Debtor's coverage area.

The Debtor's agreements with Subscribers provide that the Debtor may terminate service to Subscribers if, among other reasons, the Debtor discontinues service in a Subscriber's coverage area. The Debtor was forced to shut down its operations and is no longer providing any service to any Subscriber.

While the Debtor does not concede that Subscribers are entitled to allowed claims against the Debtor, the Debtor acknowledges that it would be prudent to provide notice to Subscribers of: (1) this bankruptcy case; (2) the meeting of creditors under section 341(a) of the Bankruptcy Code; (3) the deadline for filing proofs of claim in this case; and (4) the hearing on a motion to reject the Debtor's agreements with Subscribers.

---

[6] Less than one percent of Subscribers entered into equipment rental agreements with the Debtor.

The Debtor also disclosed to Subscribers in connection with offering its service to Subscribers, a privacy policy.  While the Debtor's privacy policy provides that it "may share Customer Information with third parties to comply with legal requirements, in response to a legal proceeding or in cases where the law allows, to protect our rights or property, including cases in which we fight against identity theft or to investigate a billing fraud" and that it "does not sell customers' personal information", the privacy policy also provides that "in most cases in which the disclosure is made in accordance with a legal procedure, we will provide you with a prior notice of said court order or court order so that you have the opportunity to challenge such order through a legal proceeding or request" and the Debtor believes that it would be prudent, in balancing the privacy interests of the Subscribers (in maintaining their privacy) as well as the interests of creditors and the estate (in maintaining the potential value of the Debtor's Subscriber list), to maintain the confidentiality of the Subscribers.

**D.** **The Debtor's Proposed Bar Date and Proposed Forms Of Notice.**

In order to administer this case and determine the total amount, number and types of claims against the Debtor, the Debtor requests the Court to establish a deadline (the "Bar Date") for filing proofs of claim in this case.  The Debtor proposes to provide to creditors and the Subscribers forty-five (45) days' notice of the Bar Date.  The Bar Date will serve as the deadline by which parties who wish to assert pre-petition claims against the Debtor and the Debtor's estate must file and serve proofs of claim, or be forever barred from asserting such pre-petition claims against the Debtor or the Debtor's estate.

By this Motion, the Debtor also requests that the Court approve two proposed forms of notice.  The first notice, attached as **Exhibit 1** to the Declaration of Alexander Izzard ("Declaration"), is the proposed form of notice the Debtor proposes to serve on all Subscribers, informing them of: (1) the filing of this case; (2) the meeting of creditors under section 341(a) of the Bankruptcy Code; (3) the Bar Date for filing proofs of claim; and (4) the hearing on a motion to reject the Debtor's agreements with Subscribers.

The Debtor has also included the following statement on its website www.orbytv.com to alert Subscribers and others of the Debtor's bankruptcy filing and the opportunity to file proofs of claim:

> We are sorry to announce that Orby TV has closed its doors, and the Orby TV service has ended. It was an honor to serve you.

> To provide you with an affordable satellite TV option going forward, we have coordinated with DISH on a special offer for Orby TV customers. This includes a monthly DISH programming package for $52.99 (includes first receiver) and cost to switch as low as $100. For more information about this limited time offer, please call DISH at 844-268-3304 and mention the offer code **ORBY** or visit dish.com/orby.

> On March 14, 2021, Orby TV filed a chapter 11 voluntary bankruptcy petition in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division, Case No. 1:21-bk-10428-MB. To the extent you believe you have a claim against Orby TV, you may file a proof of claim with the Bankruptcy Court electronically using the following link: https://www.cacb.uscourts.gov/epoc-electronic-proof-claim or by mailing a proof of claim form to the Bankruptcy Court (the proof of claim form and instructions can be found on the Bankruptcy Court's website at https://www.cacb.uscourts.gov/forms).

The second notice, attached as **Exhibit 2** to the Declaration, is the proposed form of notice of the Bar Date which the Debtor proposes to serve on all creditors but not the Subscribers (who will be receiving the notice attached as Exhibit 1 to the Declaration), which is the mandatory court form F 3003-1.NOTICE.BARDATE.

## II.    JURISDICTION, VENUE AND PREDICATES FOR RELIEF

This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §157(b). Venue of this chapter 11 case and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

The predicates for the relief requested by this Motion are sections 102, 105(a), 107(c), 342(a), and 521 of the Bankruptcy Code, and Rules 1007, 2002, 9007 and 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### III.    DISCUSSION

**A.    Subscribers' Personal Identification Information Should Be Kept Confidential Pursuant To Section 107(b) And (c) of the Bankruptcy Code.**

**1.    Subscribers' Information Constitutes Confidential Commercial Information.**

Pursuant to section 107(b) and (c) of the Bankruptcy Code, the Court may authorize the Debtors to redact Subscriber information from all disclosures, applications, motions, schedules including the Schedules of Assets and Liabilities, Statement of Financial Affairs, creditor lists and matrices including the list of creditors holding twenty largest general unsecured claims, service lists and any other pleadings or papers (collectively, "Documents") filed with the Court or submitted to the United States Trustee in this case.

Section 107(b) provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information[.]

Rule 9018 of the Federal Rules of Bankruptcy Procedure sets forth the procedure by which a party in interest may obtain a protective order authorizing the filing of redacted documents.  Rule 9018 provides, in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information….

Once the court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994). Courts have held that protection under section 107(b) must be granted if the information sought to be protected is commercial information, and significantly, that commercial

information need not rise to the level of a trade secret to be entitled to protection. *Id.* at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Rather, a party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *Id.* at 27; *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

The Debtor submits that Subscribers' personal identifying information constitutes confidential commercial information that the Debtor should not be required to disclose. Such information has potential value which should be preserved, and the Debtor's own privacy policy limits the manner in which it can be shared. Revealing the information of roughly 23,000 subscribers will be problematic, chaotic, and potentially lead to claims of privacy violations. *See* 11 U.S.C. § 107(b) (". . . bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or ***commercial information***[.]"). *See In re Nunn*, 49 B.R. 963 (Bankr. E.D. Va. 1985) (customer list constitutes commercial information); *In re The Frontier Group, LLC*, 256 B.R. 771 (Bankr. E.D. Tenn. 2000) (motion to seal creditor list granted where list constituted asset of debtor's estate). Similarly, here, the Debtor's Subscribers were the Debtor's customers, and their contact information is a potential asset of the Debtor's which could be exploited by, and could provide an unfair advantage to, the Debtor's competitors. While the Debtor is not operating its business, a potential purchaser of the Debtor's business is more likely to engage in a sale transaction with the Debtor if it knows that the Debtor has not made Subscribers' information available to potential competitors (even if the potential purchaser itself may be unable to purchase the Subscribers' information).[7]

---

[7] The Debtor does not concede that it is precluded from monetizing its Subscribers' list pursuant to 11 U.S.C. 363(b)(1)(A) or (B).

**2.  The Court Should Authorize The Debtor To Protect And Redact Certain Personal Identification Information For The Subscribers.**

Section 107(c) of the Bankruptcy Code provides that this Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft … [a]ny means of identification … contained in a paper filed, or to be filed, in a case under" the Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A).  Cause exists to authorize the Debtor to redact Subscriber name and address information.  The inclusion of personal information, such as individual Subscribers' names and addresses, may expose individual Subscribers to risk of identity theft insofar as it links a particular name to a particular company and situation, and to a particular address, and may otherwise create a chaotic situation in light of the sheer number of Subscribers.  The inclusion of such personal information is also unnecessary as the Debtor proposes to provide it to U.S. Trustee and the Court on request.

**B.    The Court Should Limit Notice As Set Forth Herein And Establish Protocols For Providing To Subscribers Notice Of The Bankruptcy Case, The Meeting Of Creditors, The Deadline For Filing Proofs Of Claim, And The Hearing On A Motion To Reject Subscriber Agreements.**

**1.  The Court Should Generally Limit Notice.**

Section 102(1)(A) of the Bankruptcy Code defines the phrase "after notice and a hearing" to mean:

> "[A]fter such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances . . ."

11 U.S.C. § 102(1)(A).

Pursuant to this authority, the Bankruptcy Rules confer authority upon this Court to regulate notice requirements.  Bankruptcy Rule 2002(m), which gives the Court discretion to enter orders regulating notice, provides:

> "The court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."

The notice procedure outlined below comports with Bankruptcy Rule 2002(i) which provides, in pertinent part:

> "Copies of all notices required to be mailed pursuant to this rule shall be mailed to the committees . . . appointed under § 1102 of the Code or to their authorized agents.   Notwithstanding the foregoing subdivisions, the court may order that notices required by subdivision (a)(2), (3) and (6) of this rule be transmitted to the United States trustee and be mailed only to the committees . . . appointed under § 1102 of the Code or to their authorized agents and to the creditors and equity security holders who serve on the trustee or debtor in possession and file a request that all notices be mailed to them."

The use of the notice procedure outlined in Bankruptcy Rule 2002(i) is especially appropriate in a case of this nature, where providing notice to each individual creditor and sending notice via certified mail to certain creditors would be both burdensome and economically infeasible.

Bankruptcy Rule 2002 (a) provides in relevant part that:

> (a) Twenty-One-Day Notices to Parties in Interest. Except as provided in subdivisions (h), (i), (*l*), (p), and (q) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of:
>
> …..
>
> (2) a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice;
>
> (3) the hearing on approval of a compromise or settlement of a controversy other than approval of an agreement pursuant to Rule 4001(d), unless the court for cause shown directs that notice not be sent;
>
> …..
>
>  (6) a hearing on any entity's request for compensation or reimbursement of expenses if the request exceeds $1,000;

Finally, Bankruptcy Rule 9007 grants the Court general authority to regulate notices:

> "When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be give."

The Debtor's proposed notice procedures and protocol for Subscribers is well within the Court's authority to regulate notices and will mitigate the administrative burden that would otherwise be imposed upon the estate without significantly diminishing creditor participation in the administration of this case.

The mailing of notices of all such matters to all Subscribers would be impractical and would impose a significant administrative and economic burden upon the Debtor's estate. Accordingly, as permitted by Bankruptcy Rules 2002(i) and 2002(m), the Debtor proposes that the Court enter an order adopting the Debtor's proposed protocols, limiting notice and designating the parties upon whom notice must be served, and the manner of service with respect to all matters for which the Bankruptcy Code and the Bankruptcy Rules authorize the Court to designate or limit the parties entitled to notice and the manner of service, including, by way of example and without limitation, matters subject to Bankruptcy Rules 2002, 4001, 6004, 6006, 6007 or 9014. Specifically, the Debtor proposes that, with respect to all such matters, the Court issue an order that provides that notice need be served only upon the following parties:

(1)    The Office of the United States Trustee;
(2)    the creditors holding 20 largest unsecured claims in this case or, when appointed, counsel for the Official Committee of Unsecured Creditors;
(3)    Secured creditors or their counsel of record (to the extent any exist);
(4)    Parties requesting special notice; and
(5)    Any party against whom direct relief is sought by motion, application or otherwise, including, by way of example and without limitation, the non-debtor party to an executory contract being assumed or rejected, parties asserting interests in property being sold, and the like.

The Debtor believes that the adoption of the proposed procedures is necessary and appropriate for at least four reasons. ***First***, having to provide notice of all matters to all Subscribers may divert the attention of staff and professionals from administering this bankruptcy case and identifying and consummating a transaction before the Debtor's estate exhausts it funds. ***Second***,

there are roughly 23,000 Subscribers. The cost of copying and serving every notice in this case to the Subscribers would substantially increase the copying and postage costs of this case, resulting in less value being potentially available to the estate. This is why the Debtor is proposing serving Subscribers with a combined notice of the bankruptcy filing, meeting of creditors and deadline for filing proofs of claim, and limiting notice as set forth herein. To the extent a Subscriber does not file a proof of claim, the Debtor will not treat such Subscriber as a creditor of this bankruptcy estate and will provide (or not provide) notice accordingly. **_Third_**, any Subscriber or party in interest who is sufficiently interested in the kinds of transactions that are the subject of the requested limitation of notice may, by special request, receive all notices. **_Fourth_**, any party, including a Subscriber, against whom direct relief is sought by motion, application or otherwise, will be afforded notice by the Debtor as a matter of course.

The Debtor's requested relief will reduce the burden, complexity, delay, and cost to the Debtor's estate associated with mailing notice of all pleadings and other papers filed in this case to all Subscribers without significantly impacting participation in this case.

**2. The Court Should Establish Protocols And Approve The Debtor's Proposed Notice To Subscribers**

In order to ensure that Subscribers receive notice of this bankruptcy case and the opportunity to assert claims, if any, and participate in this case to the extent they are parties in interest, the Debtor proposes to establish the following protocol:

1. The Debtor will redact the names and contact information of all Subscribers in any and all Documents filed with the Court or submitted to the U.S. Trustee (provided, however, that such information will be provided to the Court upon request under seal or on a confidential basis to the U.S. Trustee)[8];

---

[8] These protocols will not preclude a Subscriber from filing a proof of claim or any other Document with his or her contact information included in such proof of claim or other Document.

13

2.      The Debtor's counsel will maintain proofs of service of any and all Documents served on the Subscribers but such proofs of service filed with the Court shall not include Subscribers' information;

3.      The Debtor shall provide notice to Subscribers in substantially the form attached as **Exhibit 1** to this Motion of: (a) the filing of this bankruptcy case; (b) the meeting of creditors under 11 U.S.C. 341(a); (c) the deadline for Subscribers to file proofs of claim in this case; (d) the hearing on a motion to reject Subscriber agreements.

**C.    The Court Should Establish A Deadline For Filing Proofs Of Claim.**

**1.    Good Cause Exists For Establishing A Bar Date.**

Federal Rule of Bankruptcy Procedure 3003(c)(3) provides that in a chapter 11 bankruptcy case:

> "The court **shall** fix and for cause shown may extend the time within which proofs of claim or interest may be filed.  Notwithstanding the expiration of such time, a proof of claim may be filed to the extent and under the conditions stated in Rule 3002(c)(2), (c)93), and (c)(4)."

Fed. R. Bankr. Proc. 3003(c)(3) (emphasis added).

As set forth above, in order to properly administer this bankruptcy case, the Debtor must ascertain the total amount, number and types of claims against the Debtor's estate.  By establishing the Bar Date for the filing of proofs of claim, the Court will enable the Debtor to quantify the full amount of the Debtor's liabilities so that the Debtor may address such liabilities as required under the Bankruptcy Code.  Therefore, the Debtor respectfully requests that the Court enter an order establishing a Bar Date, and that the Court prohibit the filing of late proofs of claim without a further court order.

**2.    Claimants Will Receive Adequate Notice of the Bar Date**

The Debtor's counsel has prepared a proposed form of notice of the Bar Date that the Debtor will serve by first class mail on all creditors other than the Subscribers and a proposed form of notice of the Bar Date and other matters that the Debtor will serve by first class mail on all Subscribers. All potential claimants will receive forty-five (45) days' notice of the Bar Date.

14

## IV.    **CONCLUSION**

For the reasons set forth herein, the Debtor respectfully requests that the Court enter an order:

1.     Granting this Motion;

2.     Approving the proposed protocols and form of Notice attached as **Exhibit 1** hereto for providing notice to Subscribers of: (a) this bankruptcy case; (b) the meeting of creditors under 11 U.S.C. 341(a); and (c) the deadline for creditors to file proofs of claim in this case;

3.     Authorizing the Debtor to redact certain personal identification information for its Subscribers from any and all Documents;[9]

4.     Authorizing the Debtor to include in its Schedules of Assets and Liabilities a general statement regarding potential claims of Subscribers (as opposed to requiring the Debtor to list each Subscriber as a separate potential claimant which would mean that there would be roughly 23,000 Subscribers listed in the Debtor's Schedules);[10]

5.     Limiting notice in this case to (a) the Office of the United States Trustee, (b) the twenty largest general unsecured creditors, and after and to the extent of the appointment of an Official Committee of Unsecured Creditors (the "Committee"), counsel for the Committee; (c) secured creditors and their counsel (to the extent there are creditors asserting secured claims in this case, which the Debtor does not believe to be the case); (d) parties who file with the Court and serve on the Debtor's proposed bankruptcy counsel requests for special notice; and (e) any party against whom direct relief is sought by motion, application or otherwise, including, by way of example and without limitation, the non-debtor party to an executory contract being assumed or rejected, non-debtor parties asserting interests in property being sold, and the like;

6.     Establishing a deadline (the "Bar Date") for creditors to file proofs of claim in this case, a deadline for the Debtor to provide notice of the Bar Date to creditors and the Subscribers,

---

[9] The Debtor will provide such information to the U.S. Trustee and the Court on request.
[10] The Debtor does not concede that any Subscriber is entitled to an allowed claim against the Debtor, but the Debtor believes that it would be appropriate to provide to Subscribers notice of this bankruptcy case, the meeting of creditors, and the deadline for filing proofs of claim given the possibility that Subscribers may wish to assert claims against the Debtor.

1    and barring any party that fails to file a proof of claim with the Court by the Bar Date from

2    thereafter asserting a pre-petition claim against the Debtor or the Debtor's estate;

3        7.    Approving the form of notice to Subscribers attached as **Exhibit 1** hereto;

4        8.    Approving the form of notice of the Bar Date to creditors other than Subscribers

5    attached as **Exhibit 2** hereto; and

6        9.    Granting such further relief as the Court deems just and proper.

7    Dated: March 18, 2021               LEVENE, NEALE, BENDER, YOO

8                                   & BRILL L.L.P.

9                                   By:   */s/ Krikor J. Meshefejian*

10                                       Ron Bender
                                         Krikor J. Meshefejian

11                                       Proposed Counsel for Chapter 11 Debtor
                                         and Debtor in Possession

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16

## **DECLARATION OF ALEXANDER IZZARD**

I, Alexander Izzard, hereby declare as follows:

1.      I am the Chief Operating Officer ("COO") of ORBY TV, LLC (the "Debtor").  I have served in such capacity since November 2017 and reported to the Chief Executive Officer (CEO) until March 12, 2021.  I am also a director and membership interest holder of the Debtor. In my capacity as COO, I oversee, manage and/or have personal knowledge of virtually all aspects of the Debtor's operations, including, without limitation, the Debtor's financial affairs, the Debtor's assets and liabilities, the Debtor's creditors, customers, vendors, and expenses.

2.      I have personal knowledge of the facts set forth in this Declaration and if called as a witness, could and would testify competently with respect thereto.  Capitalized terms not otherwise defined have the same meaning given to such terms in the Motion.

3.      The Debtor commenced this voluntary bankruptcy case on March 14, 2021.  Due to the privacy and other concerns discussed in the Motion and this Declaration, the Debtor did not include the roughly 23,000 Subscribers in the Master Mailing List of Creditors filed with the Petition in this case [Docket No. 1] and the notice the Debtor proposes to provide as set forth in this Motion to Subscribers will be the first and only notice Subscribers will be receiving from the Debtor regarding the Debtor's bankruptcy filing.

4.      The Debtor was established in 2017 as a satellite television service to compete with competitors such as DirectTV and Dish Network.

5.      The Debtor initially launched its service in three markets:  Houston, Charlotte and St. Louis in January 2019.  In March, 2019, the Debtor expanded nationally as planned.

6.      Following this expansion, the Debtor's number of paying Subscribers grew and eventually peaked at roughly 23,000.

7.      While the Debtor was able to raise certain additional funds, the Debtor ultimately ran out of money due to operating expenses and operating losses.  The Debtor was unable to raise any additional funds and, therefore, was forced to shut down its business operations.

8.      The purpose of this chapter 11 bankruptcy case is to continue and complete the wind down of the Debtor's business operations and to attempt to sell the Debtor's remaining business assets for the most money possible.

9.      The Debtor's primary assets are comprised of cash (approximately $460,000 as of the Petition Date), equipment and servers.  The Debtor also possesses contact and other information of the Subscribers which may be valuable to competitors of the Debtor and parties potentially interested in purchasing the Debtor's assets.

10.     The Debtor is a party to a number of contracts with programmers/content providers, pursuant to which the Debtor provided to its Subscribers access to television programming (such as, for example, HBO, Starz, and Epix).  Such programmers assert claims against the Debtor, and the Debtor anticipates that such claims may include minimum guaranteed payments due to such programmers under such agreements during the entire term of such agreements.  Concurrently herewith, the Debtor has filed a motion to reject such agreements.

11.     The Debtor does not have secured debt, though a warehouse space provider may attempt to assert a general warehouse lien against certain of the Debtor's satellite television equipment.

12.     I estimate that the total amount of claims asserted against the Debtor is likely between $40 million - $50 million.

13.     The Debtor entered into agreements with its Subscribers pursuant to which Subscribers received certain digital entertainment programming and services via satellite and over-the-air broadcast transmission via authorized and Subscriber-purchased[11] set top receivers or digital video recorders and satellite dishes and antennae within the Debtor's coverage area.

14.     The Debtor's agreements with Subscribers provide that the Debtor may terminate service to Subscribers if, among other reasons, the Debtor discontinues service in a Subscriber's coverage area.  The Debtor was forced to shut down its operations and is no longer providing any service to any Subscriber.

---

[11] Less than one percent of Subscribers entered into equipment rental agreements with the Debtor.

18

15.    While the Debtor does not concede that Subscribers are entitled to allowed claims against the Debtor, I believe it would be prudent to provide notice to Subscribers of: (1) this bankruptcy case; (2) the meeting of creditors under section 341(a) of the Bankruptcy Code; (3) the deadline for filing proofs of claim in this case; and (4) the hearing on a motion to reject Subscribers' agreements.

16.    The Debtor also disclosed to Subscribers in connection with offering its service to Subscribers, a privacy policy.   While the Debtor's privacy policy provides that it "may share Customer Information with third parties to comply with legal requirements, in response to a legal proceeding or in cases where the law allows, to protect our rights or property, including cases in which we fight against identity theft or to investigate a billing fraud" and that it "does not sell customers' personal information", the privacy policy also provides that "in most cases in which the disclosure is made in accordance with a legal procedure, we will provide you with a prior notice of said court order or court order so that you have the opportunity to challenge such order through a legal proceeding or request" and the Debtor believes that it would be prudent, in balancing the privacy interests of the Subscribers (in maintaining their privacy) as well as the interests of creditors and the estate (in maintaining the potential value of the Debtor's Subscriber list), to maintain the confidentiality of the Subscribers.

17.    In order to administer this case and determine the total amount, number and types of claims against the Debtor, the Debtor requests the Court to establish a deadline (the "Bar Date") for filing proofs of claim in this case.   The Debtor proposes to provide to creditors and the Subscribers forty-five (45) days' notice of the Bar Date.   The Bar Date will serve as the deadline by which parties who wish to assert pre-petition claims against the Debtor and the Debtor's estate must file and serve proofs of claim, or be forever barred from asserting such pre-petition claims against the Debtor or the Debtor's estate.

18.    The Debtor also requests that the Court approve two proposed forms of notice.   The first notice, attached as **Exhibit 1** to this Declaration, is the proposed form of notice the Debtor proposes to serve on all Subscribers, informing them of: (1) the filing of this case; (2) the meeting

of creditors under section 341(a) of the Bankruptcy Code; (3) the Bar Date for filing proofs of claim; and (4) the hearing on a motion to reject the Debtor's agreements with Subscribers.

19.    The Debtor has also included the following statement on its website www.orbytv.com to alert Subscribers and others of the Debtor's bankruptcy filing and the opportunity to file proofs of claim:

> We are sorry to announce that Orby TV has closed its doors, and the Orby TV service has ended. It was an honor to serve you.
>
> To provide you with an affordable satellite TV option going forward, we have coordinated with DISH on a special offer for Orby TV customers. This includes a monthly DISH programming package for $52.99 (includes first receiver) and cost to switch as low as $100. For more information about this limited time offer, please call DISH at 844-268-3304 and mention the offer code **ORBY** or visit dish.com/orby.
>
> On March 14, 2021, Orby TV filed a chapter 11 voluntary bankruptcy petition in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division, Case No. 1:21-bk-10428-MB. To the extent you believe you have a claim against Orby TV, you may file a proof of claim with the Bankruptcy Court electronically using the following link: https://www.cacb.uscourts.gov/epoc-electronic-proof-claim or by mailing a proof of claim form to the Bankruptcy Court (the proof of claim form and instructions can be found on the Bankruptcy Court's website at https://www.cacb.uscourts.gov/forms).

20.    The second notice, attached as **Exhibit 2** to this Declaration, is the proposed form of notice of the Bar Date which the Debtor proposes to serve on all creditors but not the Subscribers (who will be receiving the notice attached as Exhibit 1 to this Declaration).

21.    The Subscribers' personal identifying information constitutes confidential commercial information that the Debtor should not be required to disclose. Such information has potential value which should be preserved, and the Debtor's own privacy policy limits the manner in which it can be shared. Revealing the information of roughly 23,000 subscribers will be problematic, chaotic, and potentially lead to claims of privacy violations.

22.    The Debtor's Subscribers were the Debtor's customers, and their contact information is a potential asset of the Debtor's which could be exploited by, and could provide an unfair

advantage to, the Debtor's competitors. While the Debtor is not operating its business, a potential purchaser of the Debtor's business is more likely to engage in a sale transaction with the Debtor if it knows that the Debtor has not made Subscribers' information available to potential competitors (even if the potential purchaser itself may be unable to purchase the Subscribers' information).

23. Additionally, the inclusion of personal information, such as individual Subscribers' names and addresses, may expose individual Subscribers to risk of identity theft insofar as it links a particular name to a particular company and situation, and to a particular address, and may otherwise create a chaotic situation in light of the sheer number of Subscribers. The inclusion of such personal information is also unnecessary as the Debtor proposes to provide it to U.S. Trustee and the Court on request.

24. The Debtor's proposed notice procedures and protocol for Subscribers will mitigate the administrative burden that would otherwise be imposed upon the estate without significantly diminishing creditor participation in the administration of this case.

25. The mailing of notices of all such matters to all Subscribers would be impractical and would impose a significant administrative and economic burden upon the Debtor's estate.

26. The Debtor believes that the adoption of the proposed procedures is necessary and appropriate for at least four reasons. ***First***, having to provide notice of all matters to all Subscribers may divert the attention of staff and professionals from administering this bankruptcy case and identifying and consummating a transaction before the Debtor's estate exhausts it funds. ***Second***, there are roughly 23,000 Subscribers. The cost of copying and serving every notice in this case to the Subscribers would substantially increase the copying and postage costs of this case, resulting in less value being potentially available to the estate. This is why the Debtor is proposing serving Subscribers with a combined notice of the bankruptcy filing, meeting of creditors and deadline for filing proofs of claim, and limiting notice as set forth herein. To the extent a Subscriber does not file a proof of claim, the Debtor will not treat such Subscriber as a creditor of this bankruptcy estate and will provide (or not provide) notice accordingly. ***Third***, any Subscriber or party in interest who is sufficiently interested in the kinds of transactions that are the subject of the requested limitation

of notice may, by special request, receive all notices.  ***Fourth***, any party, including a Subscriber, against whom direct relief is sought by motion, application or otherwise, will be afforded notice by the Debtor as a matter of course.

27.     In order to ensure that Subscribers receive notice of this bankruptcy case and the opportunity to assert claims, if any, and participate in this case to the extent they are parties in interest, the Debtor proposes to establish the following protocol:

   a.   The Debtor will redact the names and contact information of all Subscribers in any and all Documents filed with the Court or submitted to the U.S. Trustee (provided, however, that such information will be provided to the Court upon request under seal or on a confidential basis to the U.S. Trustee);

   b.   The Debtor's counsel will maintain proofs of service of any and all Documents served on the Subscribers but such proofs of service filed with the Court shall not include Subscribers' information;

   c.   The Debtor shall provide notice to Subscribers in substantially the form attached as **Exhibit 1** to this Declaration.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed this 18th day of March, 2021 at LA County, California.

ALEXANDER IZZARD

# EXHIBIT "1"

1  RON BENDER (SBN 143364)
   KRIKOR J. MESHEFEJIAN (SBN 255030)
2  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
3  10250 Constellation Blvd., Suite 1700
   Los Angeles, CA  90067
4  Telephone: (310) 229-1234
   Fax: (310) 229-1244
5  Email: rb@lnbyb.com kjm@lnbyb.com

6  Proposed Attorneys for Chapter 11 Debtor and Debtor in Possession

7                    UNITED STATES BANKRUPTCY COURT
8                    CENTRAL DISTRICT OF CALIFORNIA
                     SAN FERNANDO VALLEY DIVISION
9

10  In re                              Case No. 1:21-bk-10428-MB

11  ORBY TV, LLC,                      Chapter 11

12              Debtor.               **NOTICE TO SUBSCRIBERS OF ORBY
                                      TV, LLC OF:**
13
                                      **(1) CHAPTER  11  BANKRUPTCY**
14                                         **FILING OF ORBY TV, LLC;**

15                                    **(2) MEETING OF CREDITORS;**

16                                    **(3) DEADLINE  TO  FILE  PROOFS**
17                                       **OF CLAIM; AND**

18                                    **(4) HEARING ON ORBY TV, LLC'S**
                                         **MOTION    FOR    AN    ORDER**
19                                       **AUTHORIZING ORBY TV, LLC**
                                         **TO    REJECT    AGREEMENTS**
20                                       **WITH SUBSCRIBERS**

21

22        **TO ALL SUBSCRIBERS OF SERVICES PROVIDED BY ORBY TV, LLC:**

23        **PLEASE  TAKE  NOTICE** that you are receiving this Notice because you may have
24  received satellite television and related services from Orby TV and you are/were a party to an
    agreement with Orby TV.  Please read this Notice carefully because it provides important
25  information regarding: (1) Orby TV's chapter 11 bankruptcy case; (2) the meeting of creditors in
    Orby TV's bankruptcy case (which you are not required to attend but may want to attend); (3) the
26  deadline for creditors to file proofs of claim in Orby TV's bankruptcy case; and (4) the hearing on
27  Orby TV's motion for an order authorizing Orby TV to reject its agreements with Subscribers.  You
    may want to consult a lawyer to determine your rights in this bankruptcy case.

28

                                        1

### NOTICE OF ORBY TV'S BANKRUPTCY FILING

**PLEASE TAKE NOTICE** that, on March 14, 2021, Orby TV filed a voluntary petition under chapter 11 of the United States Bankruptcy Code.  The case is pending in the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division, and was assigned case number 1:21-bk-10428-MB to the Honorable Martin R. Barash, United States Bankruptcy Judge.

**PLEASE TAKE FURTHER NOTICE** that, if you would like to view the bankruptcy petition filed by Orby TV and other documents filed in the bankruptcy case, they are available through the Bankruptcy Court's website www.cacb.uscourts.gov or at the Clerk's Office, 21041 Burbank Boulevard, Woodland Hills, CA 91367-66603.  You should consult the Bankruptcy Court's website to determine whether the Bankruptcy Court is physically open to the public prior to attempting to visit the Bankruptcy Court.

### NOTICE OF MEETING OF CREDITORS

**PLEASE TAKE NOTICE** that a meeting of creditors has been scheduled in this case by the Office of the United States Trustee, on **April 22, 2021 at 3:30 p.m. (Pacific Time)**.  A representative of Orby TV will attend the meeting to be questioned under oath by the U.S. Trustee and creditors.  Creditors may attend, but are not required to do so.  The meeting will be conducted telephonically, as follows:

**TELEPHONIC MEETING, CONFERENCE LINE: 1-866-820-9498**
**PARTICIPANT CODE: 6468388**

### NOTICE OF DEADLINE FOR CREDITORS TO FILE PROOFS OF CLAIM

1.  Bar Date.  The Court has set a deadline of _____ ("Bar Date"), for creditors in Orby TV's bankruptcy case to file proofs of claim against Orby TV's bankruptcy estate.  ON OR BEFORE THE BAR DATE, PROOFS OF CLAIM MUST BE FILED WITH THE COURT CLERK AT: 21041 Burbank Boulevard, Woodland Hills, CA 91367.

2.  Form.  You may obtain a Proof of Claim form (Official Form 410) on the Bankruptcy Court's website at http://www.cacb.uscourts.gov, or visit the Intake area at any division of the Court.

3.  Exceptions to the Bar Date.  Exceptions to the Bar Date include, but are not limited to, the following:

    (a) Executory contracts/unexpired leases.  For claims arising from rejection of any executory contract or unexpired lease, the last day to file a Proof of Claim is the later of (a) the Bar Date or (b) 30 days after the date of entry of an order authorizing the rejection of such contract or lease or after any automatic rejection of such contract or lease. *See* 11 U.S.C. §§ 365(d)(4) and 502(g).

    (b) Avoidance.  For claims arising from the avoidance of a transfer under chapter 5

2

of the Bankruptcy Code (11 U.S.C. § 544 and following), the last day to file a Proof of Claim is the later of (a) the Bar Date or (b) 30 days after the entry of judgment avoiding the transfer. *See* 11 U.S.C. § 502(h).

4. <u>11 U.S.C. § 503(b)(9) Claims</u>.  Claims arising from unpaid goods received by the Debtor in the ordinary course of business within 20 days prepetition are subject to an administrative expense priority pursuant to 11 U.S.C. §§ 507(a) and 503(b)(9).  Any creditor who wishes to assert such a claim must file a Proof of Claim by the Bar date, modified as follows: *Section 12 of Proof of Claim.*  **Identify:** (i) the goods for which the Debtor has not paid; (ii) the method(s) of shipment; (iii) the actual date(s) when those goods were *received* by the Debtor (or state that an estimated date has been used); (iv) the place of delivery – *e.g.*, "computers shipped via U.S. Mail, received by the Debtor at the Debtor's warehouse on [insert estimated date]" (use a continuation sheet if necessary); and (v) the box for "Other" priority and specify that priority is under **11 U.S.C. §§ 507(a)(2) <u>and</u> 503(b)(9).**

**FAILURE OF A CREDITOR TO FILE A PROOF OF CLAIM ON OR BEFORE THE DEADLINE MAY RESULT IN DISALLOWANCE OF THE CLAIM OR SUBORDINATION UNDER THE TERMS OF A PLAN OF REORGANIZATION WITHOUT FURTHER NOTICE OR HEARING. 11 U.S.C. § 502(b)(9). CREDITORS MAY WISH TO CONSULT AN ATTORNEY TO PROTECT THEIR RIGHTS.**

<u>**NOTICE OF HEARING ON ORBY TV'S MOTION FOR AN ORDER AUTHORIZING THE REJECTION OF ORBY TV'S AGREEMENTS WITH SUBSCRIBERS**</u>

**PLEASE TAKE NOTICE** that, on _____, 2021, at _____ _.m., the Court will hold a hearing to consider the motion ("<u>Subscriber Agreement Rejection Motion</u>") filed by Orby TV for an order authorizing Orby TV to reject, effective as of March 14, 2021, any and all of its agreements with Subscribers (to the extent such agreements constitute unexpired, not already terminated, executory contracts), pursuant to 11 U.S.C. § 365(a).

**PLEASE TAKE FURTHER NOTICE** that any opposition to the Subscriber Agreement Rejection Motion must be filed with the Bankruptcy Court and served on proposed counsel to Orby TV (whose contact information appears on the top left hand corner of the first page of this Notice), no later than fourteen (14) days prior to the hearing on the Motion.

**PLEASE TAKE FURTHER NOTICE** that the failure of a party in interest to file and serve a timely objection to the Subscriber Agreement Rejection Motion may be deemed by the Bankruptcy Court to constitute such party's consent to all of the relief requested by Orby TV in the Subscriber Agreement Rejection Motion.

**PLEASE TAKE FURTHER NOTICE** that, notwithstanding any language in this Notice advising or suggesting that the above-referenced hearing on the Subscriber Agreement Rejection Motion will be held physically in the Bankruptcy Court's courtroom, **please be advised that due to the COVID-19 pandemic, the Court will conduct the hearing remotely, using ZoomGov audio and video technology**.  Individuals will not be permitted access to the courtroom.  Information on how to participate in the hearings remotely using ZoomGov is provided below. Hearing participants

and members of the public may participate in and/or observe the hearings using ZoomGov, free of charge.

Individuals may connect by ZoomGov audio and video using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device with an integrated camera, microphone and speaker (such as an iPhone, iPad, Android phone or Android tablet).  The connection can be initiated by entering the "Meeting URL" into a web browser on any of these devices, provided the device is connected to the Internet.  Individuals connecting in this manner will be prompted for the Meeting ID and Password shown below.

Individuals also may connect to the hearings by telephone only, using the telephone number provided below.  Individuals connecting in this manner also will be prompted for the Meeting ID and Password.

Neither a Zoom nor a ZoomGov account is necessary to participate in or observe the hearings, and no pre-registration is required.

The audio portion of the hearings will be recorded electronically by the Court and constitute its official record.

All persons are strictly prohibited from making any other recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions.

The following is the unique ZoomGov connection information for the above-referenced hearings:

Meeting URL: **https://cacb.zoomgov.com/j/_____**


Meeting ID:    _____

Password:    _____

Telephone:    **1 (669) 254 5252 or 1 (646) 828 7666**

More information on using ZoomGov to participate in these hearings is available on the Court's website at the following web address:  https://www.cacb.uscourts.gov/news/zoom-video-hearing-guide-participants.

Dated: March __, 2021                    LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.


By:_____
        Ron Bender
        Krikor J. Meshefejian
        Proposed Counsel for Chapter 11 Debtor
        and Debtor in Possession

EXHIBIT "2"

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| RON BENDER (SBN 143364)<br>KRIKOR J. MESHEFEJIAN (SBN 255030)<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>10250 Constellation Boulevard, Suite 1700<br>Los Angeles, California 90067<br>Telephone:  (310) 229-1234<br>Facsimile:  (310) 229-1244<br>Email:  rb@lnbyb.com; kjm@lnbyb.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Orby TV, LLC | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| In re:<br><br>ORBY TV, LLC,<br><br><br><br><br><br><br><br>                                                     Debtor(s). | CASE NO.:  1:21-bk-10428-MB<br>CHAPTER: 11<br><br>**NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIM IN A CHAPTER 11 CASE [LBR 3003-1]**<br><br>☐ **No hearing: LBR 9013-1(q)**<br>☒ **Hearing information**<br>DATE:<br>TIME:<br>COURTROOM:<br>ADDRESS: |

1. <u>Bar Date</u>.  The court has set a deadline of (*date*) _____, 20____ (Bar Date), for creditors in the above-referenced case to file proofs of claim against the Debtor's estate.  ON OR BEFORE THE BAR DATE, PROOFS OF CLAIM MUST BE FILED WITH THE COURT CLERK AT:

     ☐ 255 East Temple Street, Los Angeles, CA 90012         ☐ 411 West Fourth Street, Santa Ana, CA 92701
     ☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101
     ☐ 3420 Twelfth Street, Riverside, CA 92501

2. <u>Form</u>.  You may obtain a Proof of Claim form (Official Form 410) on the Bankruptcy Court's web site at http://www.cacb.uscourts.gov, or visit the Intake area at any division of the Court.

3. <u>Exceptions to the Bar Date</u>.  Exceptions to the Bar Date include, but are not limited to, the following:

    (a) <u>Executory contracts/unexpired leases</u>.  For claims arising from rejection of any executory contract or unexpired lease, the last day to file a Proof of Claim is the later of (a) the Bar Date or (b) 30 days after the date of entry of an order authorizing the rejection of such contract or lease or after any automatic rejection of such contract or lease.  *See* 11 U.S.C. §§ 365(d)(4)  and 502(g).

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

(b) <u>Governmental units</u>. For claims of governmental units, the last day to file a Proof of Claim is the later of (a) the Bar Date or (b) before 180 days after the date of the Order for Relief in this case (the person signing this form has determined that the Order for Relief was entered on (*date*) _03/14/2021_____, and therefore calculates that this deadline is (*date*) _09/10/2021_____). *See* 11 U.S.C. §§ 101(27) and 502(b)(9).

(c) <u>Avoidance</u>. For claims arising from the avoidance of a transfer under chapter 5 of the Bankruptcy Code (11 U.S.C. § 544 and following), the last day to file a Proof of Claim is the later of (a) the Bar Date or (b) 30 days after the entry of judgment avoiding the transfer. *See* 11 U.S.C. § 502(h).

(d) <u>Agreed claims</u>. If your claim is listed on the Debtor's official bankruptcy schedules of assets and liabilities (Schedules) <u>and</u> it is not listed as disputed, contingent, unliquidated or unknown, then your claim is deemed filed in the amount set forth in those Schedules. 11 U.S.C. § 1111(a). But, if your claim is not listed on the Schedules, <u>or</u> is listed as disputed, contingent, unliquidated or unknown, <u>or</u> if you disagree with the amount or description of your claim (*e.g.*, its description as unsecured or non-priority), then you <u>must</u> timely filed a Proof of Claim as set forth in this Notice.

4. <u>11 U.S.C. § 503(b)(9) Claims</u>. Claims arising from unpaid goods received by the Debtor in the ordinary course of business within 20 days prepetition are subject to an administrative expense priority pursuant to 11 U.S.C. §§ 507(a)(2) and 503(b)(9). Any creditor who wishes to assert such a claim must file a Proof of Claim by the Bar Date, modified as follows: *Section 12 of Proof of Claim.* **Identify:** (i) the goods for which the Debtor has not paid; (ii) the method(s) of shipment; (iii) the actual date(s) when those goods were *received* by the Debtor (or state that an estimated date has been used); (iv) the place of delivery – *e.g.*, "computers shipped via U.S. mail, received by the Debtor at the Debtor's warehouse on [insert estimated date]" (use a continuation sheet if necessary); and (v) the box for "Other" priority and specify that priority is under **11 U.S.C. §§ 507(a)(2)** <u>and</u> **503(b)(9)**.

5. <u>Interest Holders</u>. If the Debtor or the chapter 11 trustee believes it necessary to set a bar date for interest holders (*e.g.*, holders of common or preferred stock), then, before this Notice is served, the chambers of the presiding judge in this case must be contacted for further instructions.

**FAILURE OF A CREDITOR TO FILE A PROOF OF CLAIM ON OR BEFORE THE DEADLINE MAY RESULT IN DISALLOWANCE OF THE CLAIM OR SUBORDINATION UNDER THE TERMS OF A PLAN OF REORGANIZATION WITHOUT FURTHER NOTICE OR HEARING. 11 U.S.C. § 502(b)(9). CREDITORS MAY WISH TO CONSULT AN ATTORNEY TO PROTECT THEIR RIGHTS.**

Date: _____

By: /s/ Krikor J. Meshefejian _____
Signature of Debtor, chapter 11 trustee, or their attorney

Name:  Levene, Neale, Bender, Yoo & Brill L.L.P. _____
Printed name of Debtor, chapter 11 trustee, or their attorney

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                    Page 2                    **F 3003-1.NOTICE.BARDATE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document entitled: **NOTICE OF BAR DATE FOR FILING PROOFS OF CLAIM IN A CHAPTER 11 CASE [LBR 3003-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____    _____
Date                              *Printed Name*                                                    *Signature*

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90017.

A true and correct copy of the foregoing document entitled

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER: (1) ESTABLISHING PROTOCOLS FOR PROVIDING NOTICE OF BANKRUPTCY FILING AND OTHER MATTERS TO SUBSCRIBERS; (2) AUTHORIZING DEBTOR TO REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION FOR SUBSCRIBERS; (3) AUTHORIZING DEBTOR TO INCLUDE IN ITS SCHEDULES OF ASSETS AND LIABILITIES A GENERAL STATEMENT REGARDING POTENTIAL CLAIMS OF SUBSCRIBERS; (4) LIMITING NOTICE; AND (5) ESTABLISHING BAR DATE FOR FILING PROOFS OF CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ALEXANDER IZZARD IN SUPPORT**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 18, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Ron Bender    rb@lnbyb.com**
- **Russell Clementson    russell.clementson@usdoj.gov**
- **Krikor J Meshefejian    kjm@lnbyb.com**
- **United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov**

**2.  SERVED BY UNITED STATES MAIL**:  On **March 18, 2021**,, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 18, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 18, 2021 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**