RON BENDER (SBN 143364)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, CA  90067
Telephone: (310) 229-1234
Fax: (310) 229-1244
Email: rb@lnbyb.com kjm@lnbyb.com

Proposed Attorneys for Chapter 11 Debtor and Debtor in Possession

**FILED & ENTERED**

**MAR 30 2021**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY Pgarcia   DEPUTY CLERK**

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>ORBY TV, LLC,<br><br>            Debtor. | Case No. 1:21-bk-10428-MB<br><br>Chapter 11<br><br>**ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN ORDER: (1) ESTABLISHING PROTOCOLS FOR PROVIDING NOTICE OF BANKRUPTCY FILING AND OTHER MATTERS TO SUBSCRIBERS; (2) AUTHORIZING DEBTOR TO REDACT CERTAIN PERSONAL IDENTIFICATION INFORMATION FOR SUBSCRIBERS; (3) AUTHORIZING DEBTOR TO INCLUDE IN ITS SCHEDULES OF ASSETS AND LIABILITIES A GENERAL STATEMENT REGARDING POTENTIAL CLAIMS OF SUBSCRIBERS; (4) LIMITING NOTICE; AND (5) ESTABLISHING BAR DATE FOR FILING PROOFS OF CLAIM**<br><br>Date: March 26, 2021<br>Time: 11:00 a.m.<br>Place: Courtroom 303<br>       21041 Burbank Blvd.<br>       Woodland Hills, CA 91367 |

1

On March 26, 2021, the Court held a hearing to consider the *Debtor's Motion For Entry Of An Order: (1) Establishing Protocols For Providing Notice Of Bankruptcy Filing And Other Matters To Subscribers; (2) Authorizing Debtor To Redact Certain Personal Identification Information For Subscribers; (3) Authorizing Debtor To Include In Its Schedules Of Assets And Liabilities A General Statement Regarding Potential Claims of Subscribers; (4) Limiting Notice; And (5) Establishing Bar Date For Filing Proofs Of Claim* ("Motion") [Docket No. 11] filed by ORBY TV, LLC (the "Debtor"), the debtor and debtor in possession in the above-captioned bankruptcy case. Appearances were made as set forth in the Court's record.

The Court, having read and considered the Motion, Declaration of Alexander Izzard attached to the Motion, and all other documents filed in support of the Motion, notice of the Motion having been proper under the circumstances, no opposition to the Motion having been filed or asserted at the hearing on the Motion, with good cause appearing, hereby orders as follows:

1. The Motion is granted as set forth herein.

2. The Debtor is authorized and directed to file and serve on or before March 29, 2021, a combined notice (the "Combined Notice") in the substantially the form attached as **Exhibit 1** to the Motion, with the modifications discussed by the Court at the hearing on the Motion, to the Debtor's subscribers (the "Subscribers") of: (a) this bankruptcy case; (b) the meeting of creditors under 11 U.S.C. 341(a); (c) the deadline for creditors to file proofs of claim in this case; (d) the hearing on a motion to reject the Debtor's agreements with Subscribers; and (e) the Court's order limiting notice in this case and the opportunity for Subscribers to receive copies of filings in this case.

3. The Debtor is authorized to redact personal identification information such as names and addresses for its Subscribers from any and all filings in this case, including, without limitation, creditor mailing lists, motions, proofs of service, Schedules of Assets and Liabilities, the Statement of Financial Affairs, and any other documents filed with the Court and/or submitted to the United States Trustee, provided, however, that with respect to the Debtor's proof of service of the Combined Notice, the Debtor is authorized and directed to file, without further Court order, such

proof of service with Subscribers' information under seal with the Court.

4. The Debtor is authorized to include in its Schedules of Assets and Liabilities a general statement regarding potential claims of Subscribers.

5. The Court hereby approves the Debtor's request to limit notice of matters in this case as set forth in the Motion to (a) the Office of the United States Trustee, (b) the twenty largest general unsecured creditors, and after and to the extent of the appointment of an Official Committee of Unsecured Creditors (the "Committee"), counsel for the Committee; (c) secured creditors and their counsel (to the extent there are creditors asserting secured claims in this case); (d) parties who file with the Court and serve on the Debtor's proposed bankruptcy counsel requests for special notice; and (e) any party against whom direct relief is sought by motion, application or otherwise, including, by way of example and without limitation, the non-debtor party to an executory contract being assumed or rejected, non-debtor parties asserting interests in property being sold, and the like;

6. The Debtor is directed to provide notice of the Court's order to limit notice in this case to all creditors and advise such creditors of the opportunity to receive notice of matters in this case by filing and serving a request for special notice;

7. Other than for the exceptions set forth in this Order, **May 17, 2021** is established as the bar date (the "Bar Date") by which parties who wish to assert pre-petition claims against the Debtor, must file proofs of claim.

8. For administrative claims arising under Section 503(b)(9) of the Bankruptcy Code (a "503(b)(9) Claim") on account of goods sold to the Debtor in the ordinary course of the Debtor's business that were received by the Debtor within 20 days before the commencement of the Debtor's case, the last day to request allowance of such claims by filing a proof of claim and indicating that the claim asserted is a 503(b)(9) Claim is the Bar Date *i.e.* May 17, 2021.

9. For any entity, such as a guarantor, surety, endorser, or other co-debtor that is authorized to file a claim under Section 501(b) of the Bankruptcy Code and/or Federal Rule of Bankruptcy Procedure 3005, the last day to file a proof of claim is the Bar Date *i.e.* May 17, 2021.

10. The exceptions to this deadline for filing proofs of claims are: (1) claims arising

from rejection of executory contracts or unexpired leases, (2) claims of governmental units, and (3) claims arising as the result of transfer avoidance pursuant to chapter 5 of the Bankruptcy Code.

11. For claims arising from rejection of executory contracts or unexpired leases pursuant to 11 U.S.C. § 365, the last day to file a proof of claim is: (a) 30 days after the date of entry of the Court order authorizing the rejection, or (b) May 17, 2021, whichever is later.

12. For claims of "governmental units," as that term is defined in 11 U.S.C. § 101(27), proofs of claim are timely filed: (a) before 180 days after the date of the order for relief in the case, or (b) May 17, 2021, whichever is later. With respect to governmental units, the person completing the notice of Bar Date (see paragraph 16 below) is responsible for ensuring that it correctly states this exception. If the stated deadline is incorrect, then the actual deadline is hereby set as the latter of (a) the incorrect date stated in the notice, (b) the statutory deadline (11 U.S.C. §§ 101(27) and 502(b)(9)), or (c) May 17, 2021.

13. For claims arising from the avoidance of a transfer under chapter 5 of the Bankruptcy Code, the last day to file a proof of claim is: (a) 30 days after the entry of judgment avoiding the transfer, or (b) May 17, 2021, whichever is later.

14. Other than for administrative claims arising under Section 503(b)(9) of the Bankruptcy Code (defined above as a 503(b)(9) Claim), the Bar Date does not apply to any administrative claims of the kind described in 11 U.S.C. 503(b) and entitled to priority under 11 U.S.C. 507(a)(2), including, without limitation, any claims for post-petition fees and expenses incurred by professionals employed in the Debtor's bankruptcy case.

15. Any party that fails to file a proof of claim with the Court by the Bar Date is forever barred from asserting a pre-petition claim against the Debtor or the Debtor's bankruptcy estate.

///

///

///

///

///

16. On or before March 29, 2021, the Debtor must serve: (a) written notice of the Bar Date, using mandatory court form F 3003-1.NOTICE.BARDATE, on all creditors other than Subscribers (who will be receiving the Combined Notice) and the United States Trustee; and (b) the Combined Notice on the Subscribers.

**IT IS SO ORDERED**.

### ###

Date: March 30, 2021

Martin R Barash
United States Bankruptcy Judge